UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
NATHANIEL COLEMAN,                                    :
                                                      :
       Petitioner,                                    :    Civ. No. 14-0276 (RBK)
                                                      :
       v.                                              :    **OPINION**
                                                      :
WARDEN JORDAN HOLLINGSWORTH,                          :
                                                      :
       Respondent.                                    :
_____   :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal inmate currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted by a jury of conspiracy to violate the civil rights of a government witness, obstruction of justice and aiding and abetting. He received a life sentence. He claims that he should be released from federal incarceration because earned good time credits he has received are not being applied to his sentence. For the following reasons, the amended habeas petition will be denied.

## II.    BACKGROUND

On August 5, 1987, petitioner was sentenced after a jury found him guilty of: (1) conspiring to injure, oppress, threaten, intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him, *see* 18 U.S.C. § 241; (2) obstruction of justice, *see id.* § 1503; and (3) aiding, abetting or causing an act to be done by another which is an offense against the United States, *see id.* § 2. He received a sentence of life imprisonment. In 2010, the United States Parole Commission decided that petitioner would continue his sentence to its expiration.

Under the statutory provision applicable to petitioner's case, this would be a period of thirty years. *See* 18 U.S.C. § 4206(d).[1] The Federal Bureau of Prisons' ("BOP") website indicates that petitioner is currently due to be released from federal incarceration on May 31, 2015.[2]

In January, 2104, the Court received petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As petitioner had neither paid the filing fee nor submitted an application to proceed *in forma pauperis*, the matter was administratively terminated. Subsequently, on May 28, 2014, the Court received the requisite $5.00 filing fee from petitioner. Thereafter, on June 2, 2014, the Court received petitioner's amended petition for writ of habeas corpus and the matter was reopened.

Petitioner requests in his amended habeas petition that he be immediately released. He claims that the United States Parole Commission has deliberately refused to adhere to its parole policies and procedures by not applying his earned good time credits to his sentence. Petitioner claims that he has earned 1,482 days of good time credits. Accordingly, petitioner asserts that he should be released from federal incarceration at this time when these earned good time credits

---

[1] Section 4206 states as follows:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however*, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d).

[2] Petitioner was awarded jail time credits from May 31, 1985 until he was sentenced in August, 1987 (*See* Dkt. No. 9-1 at p. 3.)

are applied to his sentence.  Furthermore, petitioner also argues that the warden at F.C.I. Fort Dix also has refused to release him by applying his earned good time credits to his sentence.

Respondent has filed a response to the habeas petition and petitioner has filed a reply in support of his habeas petition.  Thus, the habeas petition will now be analyzed.

### III.   DISCUSSION

As stated in *supra* Part II, petitioner claims that he should be released from federal incarceration as his earned good time credits have not been properly applied to his federal sentence.  Title 18 of United States Code Section 4161 governs the calculation of good time credits for prisoners, such as petitioner, who committed his offenses prior to November 1, 1987.  *See Pinto v. DeRosa*, No. 04-1380, 2005 WL 2320092, at *3 n.3 (D.N.J. Sept. 21, 2005) (noting that Section 4161 has been repealed but remains in effect with respect to a petitioner who committed his offense prior to November 1, 1987); *see also Lueth v. Beach*, 498 F.3d 795, 798 n.5 (8th Cir. 2007) (stating that while Section 4161 has been repealed, it remains applicable to offenses committed before November 1, 1987); *Quinjano v. Hufford*, No. 11-2254, 2012 WL 3775765, at *2 n.3 (M.D. Pa. Aug. 29, 2012) (stating that Section 4161 provides guidance for calculating sentences for prisoners who committed their crimes prior to November 1, 1987), *aff'd by*, 516 F. App'x 106 (3d Cir. 2013).  Section 4161 states as follows:

> Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term *other than life*, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:
>
> > Five days for each month, if the sentence is not less than six months and not more than one year.
> > Six days for each month, if the sentence is more than one year and less than three years.

3

> Seven days for each month, if the sentence is not less than three years and less than five years.
> Eight days for each month, if the sentence is not less than five years and less than ten years.
> Ten days for each month, if the sentence is ten years or more.
> When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.

18 U.S.C. § 4161 (emphasis added). Furthermore, a prisoner may be awarded extra good time for performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations. *See id.* § 4162. This "industrial good time" is in addition to the commutation of time for good conduct. *See id.*

Petitioner is not entitled to having good time credits apply to his sentence because he is serving a life sentence. *See Kinard v. O'Brien*, No. 07-0601, 2008 WL 2095112, at *5 (W.D. Va. May 16, 2008) ("Kinrard's life sentence precludes him from receiving good time credits pursuant to 18 U.S.C. §§ 4161 or 4162."); *Escamilla v. Outlaw*, No. 06-0081, 2008 WL 686707, at *3 (E.D. Tex. Mar. 10, 2008) ("Because petitioner is serving a life sentence he is not entitled to good conduct time credits pursuant to 18 U.S.C. §§ 4161, 4162."), *aff'd by*, 335 F. App'x 382 (5th Cir. 2009). As noted by respondent, the BOP's computation printout of petitioner's sentence indicates good time credits in the event that petitioner's sentence is reduced or commuted to a more definite term. (*See* Dkt. No. 9-3 ("BOP Program Statement 5880.30 Chapter XIII") at p. 12 ("An inmate serving a life sentence may earn extra good time even though there is no mandatory release date from which to deduct the credit since the possibility exists that the sentence may be reduced or commuted to a definite term.").) However, as petitioner's sentence has remained a life sentence, the credits were properly not deducted from

the life sentence. Accordingly, petitioner's argument that he is entitled to have his life sentence reduced due to his good time credits is without merit.

Petitioner has also filed a motion to expedite. However, as petitioner fails to show that good time credits should be deducted from his life sentence, the motion to expedite will be denied.

## IV.   CONCLUSION

For the foregoing reasons, petitioner's motion to expedite and amended petition for writ of habeas corpus will also be denied. An appropriate order will be entered.


DATED:   February 2, 2015

               s/Robert B. Kugler
               ROBERT B. KUGLER
               United States District Judge